UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA,

       -v-                                           23-CR-307 (LJL)

MICHAEL SHVARTSMAN, ET. AL.,

           Defendants.

---------------------------------------------------------------X

## DEFENDANT GERALD SHVARTSMAN'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTIONS

SERCARZ & RIOPELLE, LLP
950 Third Avenue, 31st Floor
New York, NY  10022
(212) 586-4900

*Attorneys for Defendant*
*Gerald Shvartsman*

**PRELIMINARY STATEMENT**

Defendant Gerald Shvartsman ("G. Shvartsman" or the "Defendant") respectfully submits this Memorandum of Law for the purpose of joining in the motions made by his co-defendants Michael Shvartsman ("M. Shvartsman") and Bruce Garelick ("Garelick"). To the extent that any motions made by Defendants M. Shvartsman and Garelick are applicable to the allegations against the Defendant, those motions should be granted as to Defendant G. Shvartsman as well as to his co-defendants.

In particular, Defendant G. Shvartsman also joins in Defendant B. Garelick's motions for a Bill of Particulars and to set various pretrial disclosures of exhibits, Jencks Act Materials and other items. The trial of this matter will be document heavy and complex. In order to make effective motions *in limine* and to keep the trial of this matter on track, it is essential that the defendants receive an exhibit list, marked exhibits and the Jencks Act materials before they are required to make their motions *in limine*.

There has been no suggestion Defendant G. Shvartsman is a threat to any government witness (indeed, one government witness continues to be an employee of Defendant G. Shvartsman's business), or that any of the government's evidence may be tampered with if it is disclosed promptly (after all, most of it consists of corporate records of banks and brokerage houses, and such evidence would remain readily available to the government even if any of the defendants tried to destroy it or alter it in some way). Given the complexity of this case, and the lack of any authentic fear of witness tampering or obstruction, the Court should order the government to provide the particulars requested by Defendant B. Garelick as to all the Defendants, and it should compel the government to produce trial related disclosures as requested by Defendant Garelick, on the time-line proposed by Defendant Garelick. Such early

disclosure will promote judicial efficiency by permitting the defendants to raise, and the Court to rule, on issues raised by the government's evidence in support of its case in chief.

## CONCLUSION

For all the foregoing reasons, the Court should grant all motions made by all defendants as to each of the defendants.

Dated: New York, New York
December 22, 2023

                                                Respectfully submitted,
                                                SERCARZ & RIOPELLE, LLP

By:   *Roland G. Riopelle*
           Roland G. Riopelle, Esq.
           950 Third Avenue, 31st Floor
           New York, NY  10022
           (212) 586-4900
           Fax: (212) 586-1234
           rriopelle@sercarzandriopelle.com

           *Attorneys for Defendant*
           *Gerald Shvartsman*