# **Exhibit 11**



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 23, 2023

**BY EMAIL**

Jonathan Bach
Shapiro Arato Bach LLP
1140 Avenue of the Americas
17th Floor
New York, NY 10036
jbach@shapiroarato.com

>   Re:   *United States v. Bruce Garelick,* 23 Cr. 307 (LJL)

Dear Counsel:

We write in response to your letter dated October 2, 2023.

A. Supplemental Discovery Request

Your October 2 letter sets forth supplemental discovery requests. The numbering of requests set forth below corresponds to the numbering used in that letter.

In your first request, you ask for "any and all written or recorded statements made by any of the Defendants, whether originally recorded by the government or a third party." We have produced in our possession, custody, or control all such materials for which disclosure is required at this time.[1] You also request "any and all statements made by Defendants that may have been incorporated in any writing, report, memorandum, transcript, or other document or recording prepared by or presented to any government agent or representative." We are unaware of any authority that calls for the disclosure under Rule 16 of statements made by Defendants that are incorporated into other materials.

Your second request seeks all materials referenced submitted to the SEC in connection with a whistleblower complaint submitted by William Wilkerson. Consistent with your eighth request, we have produced all materials we have received from the SEC in our possession, custody,

---

[1] You assert that the "government" consists of any "federal, state, local, or foreign agency allied with, or providing information to, the prosecution." To the extent that you mean to suggest that the prosecution team consists of, and our discovery obligations extend to material in the possession, custody, or control of, all such entities, your position is incorrect. *See, e.g.*, *United States v. Velissaris*, No. 22 Cr. 105 (DLC), 2022 WL 2392360, at *2 (S.D.N.Y. July 3, 2022); *United States v. Middendorf*, No. 18 Cr. 36 (JPO), 2018 WL 3956494, at *4-5 (S.D.N.Y. Aug. 17, 2018).

or control that are discoverable under Rule 16. With respect to Wilkerson in particular, we have produced to you records this Office received directly from William Wilkerson that are discoverable under Rule 16 as SDNY_01_00813276 – 00813423 and SDNY_01_00814796 – 00818902. With respect to your request for any whistleblower complaint filed by Wilkerson, such a complaint would qualify as Jencks Act material, not Rule 16, and would be produced with other Jencks Act material.

Your first and third requests seek all materials discoverable under Rules 16(a)(1)(E)(i) and (ii). We have produced and/or will be producing all such materials in our possession, custody, or control for which disclosure is required at this time. You further request that the Government specifically identify any documents it intends to use in its case-in-chief, whether offered as exhibits or relied upon or referred to in any way by any witness. Rule 16 does not require disclosure of this information. We will identify exhibits and produce Jencks Act material for witnesses sufficiently in advance of trial.

Your fourth request seeks all materials obtained from or belonging to the Defendants discoverable under Rule 16(a)(1)(E)(iii). We have produced all such materials in our possession, custody, or control.

Your fifth request calls for all available metadata associated with what appears to be any produced materials. We understand that we have produced all such materials in our possession, custody, or control that are discoverable under Rule 16 for which disclosure is required at this time. Per our telephone conversation and email correspondence, we are undertaking efforts to determine if there is any metadata that was corrupted or inadvertently not disclosed in the discovery production process or if, as we understand it, you have received the metadata or lack thereof in our possession as we have received it.

Your fifth request calls for ten different subsets of "communications" between and among the defendants, persons mentioned in the Indictment, Benessere, DWAC, TMG, potential investors, DWAC targets, meeting minutes, and the like relevant to the Indictment or the allegations in *SEC v. Garelick*, 23 Civ. 5567 (PGG). We have produced and/or will be producing all such materials in our possession, custody, or control that are discoverable under Rule 16 for which disclosure is required at this time.

Your sixth request calls for five different subsets of financial and transactional documents that relate to TMG, DWAC, the Defendants' investments in DWAC, and bank and financial records for the Defendants, DWAC, TMG, individuals referenced in the Indictment, or unnamed subjects of the Government's investigation. We have produced and/or will be producing all such materials in our possession, custody, or control that are discoverable under Rule 16 for which disclosure is required at this time.

Your seventh request calls for materials obtained from the SEC in connection with the Indictment, the SEC Complaint, or the SEC Administrative Proceedings against DWAC. We have produced and/or will be producing all such materials in our possession, custody, or control that are discoverable under Rule 16.

Your eighth request calls for all search warrants, search warrant applications, returns, tangible items, electronic device images, and documentary materials seized from the Defendants or from any other person by the Government that relates to this investigation. We have produced all such materials that constitute Rule 16 material, and have, with the Defendants' consent, produced post-privilege-review images of devices belonging to each Defendant to his co-defendants. We have produced certain search warrants and search warrant applications for devices obtained from non-parties, but are not aware of any authority construing Rule 16 as requiring the production of all search warrants and search warrant applications in the Government's possession, including for devices obtained from non-parties.

Your eighth request also calls for documentation, evidence, or other material or information obtained by the government through any other legal applications. We have produced or will be producing to you all such materials that constitute Rule 16 material, including materials produced pursuant to 2703(d) Orders.

Your eighth request also calls for documents reflecting the actions taken by the government to avoid an intrusion into any legal privileges and protections, including the work of any filter teams, firewalls, privilege logs, chronology of actions taken by the government and drafts of all the foregoing. There is no legal basis for disclosure of such information. *United States v. Weigand*, 482 F. Supp. 3d 224, 246 (S.D.N.Y. 2020) ("Under these circumstances, a 'taint protocol' is not 'material to preparing the defense' and so does not fall within the scope of Rule 16(a)(1)(E)."). If, based on what has been provided to you, you believe there has been a breach of a legal privilege or protection, please contact us to schedule a time to meet and confer about this issue.

In particular, you request all materials reflecting the search of Garelick's phone pursuant to the December 29, 2021 warrant for his cellphone. We have produced to you all such materials in our possession, custody, or control that are discoverable under Rule 16. You also request any and all materials screened out by any filter team and to have the filter team independently provide such materials to you. As described in our initial discovery letter, you have received the full data available, pre-privilege review, for all four of your client's devices and accounts searched (SDNY_01_00821912, -914, -916, and -917). You have also received the full data, post-privilege review, for three of your client's devices and accounts (SDNY_01_00821896, -898, -899). We will be producing to you the full data, post-privilege review, for the fourth device/account, the Google account associated with bruce@rocketonecapital.com, which was inadvertently omitted from earlier discovery production. You have also requested that any available metadata for electronic materials obtained via a search or seizure is also produced. We have produced all such materials in our possession, custody, or control that are discoverable under Rule 16 for which disclosure is required at this time, subject, as we previously discussed, to our review of that production to determine if any metadata was inadvertently corrupted or not produced.

B.  Bill of Particulars Request

Your October 2 letter requests the filing of a bill of particulars. The 18-page Indictment sets forth extensive details about the crimes charged, including information about the nature of the defendants' possession of material nonpublic information, their trading activities, their duties under the relevant nondisclosure agreements, and their communications with each other, their co-conspirators, and their tippees. The defense also has the benefit of voluminous discovery,

accompanied by a detailed index, which includes document productions from many of the other participants/potential witnesses in the charged schemes—such as other investors and principals in DWAC—and which includes evidence of the defendants' insider trading. Beyond the allegations in the Indictment and the provision of those discovery materials, the Government is not required to provide additional particulars setting forth the "whens, wheres, and with whoms" of the defendants' insider trading scheme. The materials produced provide more than sufficient information to permit the defense to prepare for trial and to prevent surprise, and a filing pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure is not required.

Without conceding that any Bill of Particulars is required, the Government is providing you the following key identifying the anonymized individuals and entities referenced in the Indictment, which information should be treated as Disclosure Material under the Protective Order:

| **Indictment Reference** | **Person** |
|---|---|
| The "CEO" (¶ 7) | Patrick Orlando |
| Michael Shvartsman's "neighbor" (¶ 13(a)) | Chaim Narkis |
| Michael Shvartsman's "business associate" (¶ 13(b)) | Eric Hannelius |
| Michael Shvartsman's "friend" (¶ 13(c)) | Aric Gastwirth |
| "Source Outdoor Employee-1" (¶ 13(d)) | Netanel Suissa |
| "two of his friends" (¶ 13(d)) | Yoshua Holi and Jacob Adi |
| "Source Outdoor Employee-2" (¶ 13(e)) | Adrian Lopez Torres |
| "his father and a friend" (¶ 13(e)) | Javier Lopez Lopez and Rameses Moll Nieto |

C. Pretrial Disclosure Requests

With respect to your request for potential impeachment material in the event a Defendant chooses to testify, we are not aware of any authority requiring the Government to identify in advance potential impeachment material under Rule 608(b). With respect to your request for disclosure of evidence to be offered pursuant to Federal Rule of Evidence 404(b), exhibit lists, witness lists, and statements by alleged accomplices, including names of cooperating witnesses/confidential informants, and Jencks Act material for testifying case agents, we will provide such materials to you sufficiently in advance of trial, and we are amenable to discussing a comprehensive schedule for the parties' mutual pretrial disclosures. We disagree with your assertion that the Defendants' reciprocal discovery obligations under Rule 16(b) are not triggered until the Government provides you with an exhibit list and demand you comply with your obligations under Rule 16(b).

With respect to experts, the Government will make expert disclosures by a time set by the Court, see Fed. R. Crim. P. 16(a)(1)(G)(ii), and will request a disclosure by the defendant on the same schedule pursuant to Rule 16(b)(1)(C). Since the amendments to Rule 16, it has been customary in this District to require disclosures 60 days in advance of trial. We do not agree to your proposed deadline of 90 days before trial for experts or any other pretrial disclosures.

D. *Brady* and *Giglio* Material

With respect to your request for *Brady* material, the Government recognizes its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny and will provide timely disclosure if any such information, not already otherwise disclosed, comes to light. While not conceding this information qualifies as *Brady* material, in light of your request that the Government identify any information that calls into question any of the factual allegations in the Indictment, and upon additional investigation and review of materials produced in discovery, the Government informs you that text messages surrounding the September 24, 2021 text message from Garelick to Michael Shvartsman where Garelick states he has "intelligence to share with" Shvartsman, Indictment ¶ 12(b), suggest that Garelick's statement may refer to a conversation that Garelick had with "Steve at Altmore," and may not have been in reference to information regarding DWAC. *Compare, e.g.*, SDNY_01_00397526 with SDNY_01_00821901.

With respect to your request for various categories of *Giglio* material, as noted above, we will produce any such material with Jencks Act material sufficiently in advance of trial and remain amenable to discussing a comprehensive schedule for mutual pretrial disclosures.

E. Inspection Demand

With respect to your request to inspect tangible objects not produced to you in electronic discovery, please specify what you wish to inspect and we will make arrangements for you to do so.

Regards,

DAMIAN WILLIAMS
United States Attorney

by: /s/
Nicolas Roos
Elizabeth Hanft
Matthew Shahabian
Assistant United States Attorneys
(212) 637-2421/-2334/-1046