UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA, New York, N.Y.

v. 23 Cr. 307 (LJL)

BRUCE GARELICK,

Defendant.

------------------------------x Trial

May 9, 2024
9:12 a.m.

Before:

HON. LEWIS J. LIMAN,

District Judge
and a Jury

APPEARANCES

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
BY: ELIZABETH A. HANFT
MATTHEW R. SHAHABIAN
DANIEL G. NESSIM
Assistant United States Attorneys

SHAPIRO ARATO BACH, LLP
Attorney for Defendant Garelick
BY: ALEXANDRA A. E. SHAPIRO
JONATHAN BACH
JULIAN S. BROD
JASON A. DRISCOLL

Also Present:

Special Agent Marc Troiano, FBI
Paralegal Specialist Grant Bianco, USAO

(Trial resumed; jury not present, 9:12 a.m.)

THE COURT: Good morning, everybody. I gather there's an issue the parties wanted to discuss with respect to the transcript.

MR. NESSIM: Yes, your Honor.

So there are three portions of the transcript that the defense believes should be redacted and the government believes should be included. They include statements made in open court that were not stricken from the transcript, they include portions where the defendant resisted Ms. Hanft's questioning, where he received instructions from the Court to answer the question, things like that, things that happened in front of the jury, and that's the transcript. And we believe that should be included in the version that is sent back to the jury room. We can show the Court the particular issues.

Mr. Bianco, if you wouldn't mind turning to page 1315 of the transcript. That's where the first one appears. And Mr. Bianco, if you could just go to 1315, 1316, starting at line 20 of 1315, up to the top of 1316.

So your Honor, I think the government agrees that of this portion, lines 22 and 23 should be redacted, but we believe, for example, that lines 20, 21, and then 24 through 7 of the next page should remain in the transcript sent to the jury.

THE COURT: Can we go down a little bit on 1316.

All right. Go back up, and let me hear from the defense.

MR. BROD: Judge, it's our position that this is not evidence, this colloquy, that neither Ms. Hanft's admonition and in particular nor the Court's admonition, nor the colloquy that went on between Ms. Hanft and the witness, none of this is question and answer, it's not evidence, and it should not go back to the jury.

THE COURT: I agree with the defense with respect to this portion because I actually disagree with the characterization that this is the witness/defendant resisting an answer or giving an evasive answer to a question. It might be different if the context were different.

So what's the next one?

MR. NESSIM: The next one is on page 1352.

So the government agrees that lines 6-9 here, a stricken answer, should be redacted, but we believe that the remainder of this page should go back to the jury.

THE COURT: What are the portions of 1352 that are at issue; which lines?

MR. NESSIM: I believe it's lines 10-12.

MR. BROD: And also line 5, Judge, and if I -- I'll let the Court review it.

THE COURT: Let me hear from Mr. Brod.

MR. BROD: And, Judge, it's a similar point. It's a

question and the answer that is the evidence. Line 5 is a question that was never answered because the Court struck the answer. And then with respect to lines, I think it's 12——I think it's 10-13 that Mr. Nessim had an issue with, but in any event, again, it's the same point we had on the other page. It's the Court's admonition and it's a decision to strike, which is not evidence, has prejudicial value, and——

THE COURT: I agree with the defense on this. I actually remember this colloquy and was a bit surprised that the question was not asked again, but it wasn't asked again. So the defense objection is sustained.

MR. NESSIM: There's one remaining point, but I think based on the Court's ruling so far, we don't need to raise the remaining issue. I think we prepared alternative versions based on the defense objections. I think we may have left the question in, question on line 5. Should we also redact that?

THE COURT: I think you should redact that because, you know, I instruct the jury the questions are not evidence.

MR. NESSIM: Okay.

THE COURT: Okay. Anything else from the parties?

All right. Have a good morning, everybody.

ALL COUNSEL: Thank you.

THE DEPUTY CLERK: All rise.

MR. NESSIM: Oh, your Honor, sorry. We can prepare——we can prepare the redactions, send the exhibits back,

but just how many copies does the Court -- just one copy going back?

THE COURT: I think just one copy.

MR. NESSIM: Okay.

(Recess pending verdict, 9:19 a.m.)

(11:01 a.m.; jury not present)

THE COURT: Okay. We have another note. It's marked as Court Exhibit No. 3. Time stamp of 10:39. Received at 10:41.

It just has a list of exhibits that I presume the jury wants. I'll read them into the record. GX 941, GX 930, GX 920, GX 746, GX 320, GX 305, GX 208, GX 209, GX 400, GX 404, GX 423.

The parties are free to inspect the note. And I trust that two of you can work together to assemble the exhibits and if there are any disputes, bring them to my attention. If not, you can work with my deputy to make sure the jury gets them.

Is there anything else from the government?

MR. NESSIM: Your Honor, I think one of these exhibits, at least just offhand, Government Exhibit 305, is I think the Fidelity trade blotter, which I think is not conveniently examined in paper version. We could prepare a computer or——

THE COURT: Yes. Why don't you prepare a computer version. Is there a laptop that the government has that can be

given to the jury?

MR. NESSIM: Yes. We have like a jury-version laptop.

THE COURT: Make sure you share that with the defense so the defense is satisfied that the laptop is completely clean and is content with it. If there are any disputes, Mr. Bach, you'll bring them to my attention.

MR. BACH: Yes. We hope there will be none, we don't anticipate there will be any, but we will.

THE COURT: Anything further from the defense?

MR. BACH: No.

THE COURT: Mr. Bach, I understand you had a question about the lunch hour. Is that something we need to address?

MR. BACH: I just wanted to schedule a conference call. I just wanted to know if we had an hour off for lunch or if we were still on a 10-minute standby.

THE COURT: It might be a 15-minute rule at lunch. I can't tell whether the jurors are going to be deliberating and passing notes, and I'm not going to make them wait.

MR. BACH: I will gladly push off this conference call.

THE COURT: Happy to accommodate you.

All right. See you all the next time we have a note.

THE DEPUTY CLERK: All rise.

(Recess pending verdict, 11:04 a.m.)

(In open court; 12:55 p.m.)

THE COURT: Okay. We've got a note from the jury. It's Court Exhibit No. 4. It's time stamped 12:19. It was received at 12:25. It reads, "Jury has reached the verdict."

Any reason from the government's perspective why I should not bring the jury in?

MS. HANFT: No, your Honor.

THE COURT: What about from the defense perspective?

MR. BACH: No, your Honor.

THE COURT: All right. Let's bring the jury in.

(Jury present)

THE COURT: Be seated.

Juror No. 2, you're the foreperson?

THE FOREPERSON: Yes.

THE COURT: Have you reached a verdict?

THE FOREPERSON: Yes.

THE COURT: Would you please hand your verdict envelope to my courtroom deputy for me to inspect.

I'm going to hand Mr. Fishman the verdict envelope. Mr. Fishman, I'm going to ask you to hand it to the foreperson.

Would the defendant please rise and face the jury.

And Mr. Fishman, would you please take the verdict.

THE DEPUTY CLERK: Count One, conspiracy to commit securities fraud, how do you find the defendant Bruce Garelick with respect to Count One, not guilty or guilty?

THE FOREPERSON: Guilty.

THE DEPUTY CLERK: Count Two, Title 15 securities fraud, how do you find the defendant Bruce Garelick with respect to Count Two, not guilty or guilty?

THE FOREPERSON: Guilty.

THE DEPUTY CLERK: Count Three, Title 15 securities fraud, how do you find the defendant Bruce Garelick with respect to Count Three, not guilty or guilty?

THE FOREPERSON: Guilty.

THE DEPUTY CLERK: Count Four, Title 15 securities fraud, how do you find the defendant Bruce Garelick with respect to Count Four, not guilty or guilty?

THE FOREPERSON: Guilty.

THE DEPUTY CLERK: Count Five, Title 18 securities fraud, how do you find the defendant Bruce Garelick with respect to Count Five, not guilty or guilty?

THE FOREPERSON: Guilty.

THE COURT: Mr. Fishman, would you please collect the verdict form.

And Mr. Garelick, you can be seated.

Is there a request for a poll?

MR. BACH: Yes, your Honor.

THE COURT: Mr. Fishman, would you please poll the jury.

THE DEPUTY CLERK: Juror No. 1, is this your verdict?

JUROR: Yes.

THE DEPUTY CLERK: Juror No. 2, is this your verdict?

JUROR: Yes.

THE DEPUTY CLERK: Juror No. 3, is this your verdict?

JUROR: Yes.

THE DEPUTY CLERK: Juror No. 4, is this your verdict?

JUROR: Yes.

THE DEPUTY CLERK: Juror No. 5, is this your verdict?

JUROR: Yes.

THE DEPUTY CLERK: Juror No. 6, is this your verdict?

JUROR: Yes.

THE DEPUTY CLERK: Juror No. 7, is this your verdict?

JUROR: Yes.

THE DEPUTY CLERK: Juror No. 8, is this your verdict?

JUROR: Yes.

THE DEPUTY CLERK: Juror No. 9, is this your verdict?

JUROR: Yes.

THE DEPUTY CLERK: Juror No. 10, is this your verdict?

JUROR: Yes.

THE DEPUTY CLERK: Juror No. 11, is this your verdict?

JUROR: Yes.

THE DEPUTY CLERK: Juror No. 12, is this your verdict?

JUROR: Yes.

THE COURT: Okay. Ms. Hanft, is there any reason from the government's perspective judgment should not be recorded and filed?

MS. HANFT: No, your Honor.

THE COURT: Mr. Bach, how about from the defense's perspective?

MR. BACH: No, your Honor.

THE COURT: Okay. I direct the Clerk of Court to record and file the verdict.

Is there any reason from the government's perspective why the jury should not now be dismissed?

MS. HANFT: No, your Honor.

THE COURT: From the defendant's perspective?

MR. BACH: No, your Honor.

THE COURT: Okay. Members of the jury, this concludes your duty. A much-esteemed judge of this court would never comment on a jury verdict, nor would he thank the jurors for their service. It was that judge's view--Judge Weinfeld--not to thank a jury for performing what is their civic duty, one of the highest and most important duties of citizenship. I'm going to follow that practice in part. I will not comment on your verdict. I will note, however, the attention that you each paid to this case, the diligence and care that you exercised, and the sacrifice that many, if not all of you, made in performing your jury duty in this case. For that, I thank you on behalf of our nation.

You are now dismissed. You should leave your notes in the jury room. My courtroom deputy will ensure that they are

destroyed.

You're no longer under my injunction not to speak about the case. You're free to talk about the case, or not talk about the case, as you see fit. I would, however, note one thing for you to think about. You might want to think about whether, if you do talk about the case, you should just talk about your own views. No one signs up for jury duty with the expectation that other jurors will comment upon what he or she said in the jury room. That's not an instruction to you; that's just one thing you should keep in mind. Another way of putting it is, the "Golden Rule," that you might think about not saying about others what you wouldn't want them to say about you.

It may be that people approach you to talk about the case. Again, you're free to talk about it, or not talk about it, as you see fit. If any of the parties in this case try to talk to you about the case, you also are free to talk to them, or not talk to them, as you see fit. However, if you do not wish to speak to any of the parties in this case, and that party persists in trying to talk to you, I would tell you to bring it to my courtroom deputy's attention and we will take care of that.

So with that, and expressing to you the thanks of our nation, you're now dismissed. We'll all stand for you one last time. Take your belongings, leave your notes in the jury room.

All rise.

(Jury discharged)

THE COURT: Be seated.

Okay. I think what's next is for me to give directions with respect to a presentence investigation report and for my deputy to set a date for sentencing; is that right, Ms. Hanft?

MS. HANFT: Yes, your Honor.

THE COURT: All right. So let me advise Mr. Garelick that the probation department will want to interview you in connection with the presentence report that it will prepare.

I assume defense counsel wishes to be present for any interview in connection with that report.

MR. BACH: Yes, your Honor.

THE COURT: I order that there be no interview unless counsel is present.

Mr. Garelick, if you choose to speak to the probation department, make sure that anything you say is truthful and accurate. I will read the report carefully, and it is important to me in deciding what sentence to impose. You and your counsel have a right to examine the report and to comment on it at the time of sentencing. I urge you to read it and discuss it with your lawyer before sentencing. If there are any mistakes in it, point them out to your lawyer so that your lawyers can bring them to my attention before sentencing.

While we're waiting for my deputy with respect to a sentencing date, is there any reason why bail should not be continued as set?

MS. HANFT: No.

THE COURT: Bail will be continued as set.

Let me make sure that I advise Mr. Garelick, do you understand that all of the conditions on which you have been released to date continue to apply and that a violation of any of those conditions can have very serious consequences for you at the time of sentencing, Mr. Garelick?

THE DEFENDANT: Yes, I understand.

THE COURT: I also advise you that you must be in this courtroom for sentencing at the time and date that will be set or you'll be guilty of a separate crime, that of bail jumping, and subject to a fine and/or prison term in addition to whatever sentence you may receive for the crimes to which you've just been found guilty. Do you understand that?

THE DEFENDANT: Yes, your Honor, I do.

THE COURT: Okay. Again, while we're waiting for my deputy for a date for sentencing, are there any matters that the government has to raise with the Court?

MS. HANFT: No, thank you, your Honor.

THE COURT: What about from the defense's perspective?

MS. SHAPIRO: Your Honor, just, the Court had mentioned yesterday that you were inviting the lawyers to speak

to you, and we would just ask that if the prosecutors take you up on that, that that not occur until after the sentencing.

THE COURT: That's perfectly fine, and I will do that. And that's understandable and appropriate.

All right. We need a date for sentencing.

THE DEPUTY CLERK: August 21 at 10:30.

THE COURT: Does August 21 at 10:30 work?

MR. BACH: Judge, we'd prefer a date in September. We're planning to be away in August.

THE COURT: Okay.

THE DEPUTY CLERK: September 12 at 11 a.m.

THE COURT: Does September 12 at 11 a.m. work for the defense?

Mr. Bach, Ms. Shapiro, Mr. Brod?

MR. BACH: Checking.

THE COURT: Okay.

MR. BACH: That's fine, your Honor.

THE COURT: Okay. Sentencing is set for September 12th at 11 a.m.

Is there any reason why the government would not be able to provide the probation officer with its factual statement within seven days of today?

MS. HANFT: No, your Honor.

THE COURT: All right. I direct the government to provide the probation officer with its factual statement within

seven days.

Defense counsel should arrange for the defendant to be interviewed by the probation department within the next two weeks.

Mr. Bach, Ms. Shapiro, Mr. Brod, I think you're all familiar with my individual rules and practices for criminal cases available on the court's website, which contain the rules regarding sentencing submissions. In accordance with those rules, the defense submissions are due two weeks prior to sentencing and the government's submissions are due one week prior to sentencing.

I urge you to do what I know you won't refrain from doing in any event, which is to give me all the information that would be helpful with respect to sentencing. There's no page limits.

Anything else from the government?

MS. HANFT: No. Thank you, your Honor.

THE COURT: What about from the defense?

MR. BACH: Nothing further. Thank you, Judge.

THE COURT: Okay. Thank you, all.

THE DEPUTY CLERK: All rise.

o0o