UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                      :
UNITED STATES OF AMERICA                               :
                                                      :
              - v. -                                   :
                                                      :
                                                      :        23-cr-307 (LJL)
BRUCE GARELICK,                                        :
                                                      :
                          Defendant.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**JURY CHARGE**

May 8, 2024

**Table of Contents**

I.    Introductory Instructions ............................................................................................... 1

II.   Counts Two Through Four – Title 15 Securities Fraud....................................... 12

III.  Count Five – Title 18 Securities Fraud............................................................... 22

IV.  Count One – Conspiracy to Commit Securities Fraud ....................................... 25

V.   Venue.................................................................................................................... 30

VI.  Additional Instructions ....................................................................................... 31

VII. Instructions Regarding Deliberations ................................................................. 38

# I.    <u>**Introductory Instructions**</u>

You have now heard all of the evidence in the case as well as the final arguments of the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If an attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  And you should know that you're going to be able to take a copy of these instructions into the jury room.

Your final role is to pass upon and decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  I will later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence.  The evidence does not include

questions.  Only the answers are evidence.  But you may not consider any answer that I directed you to disregard.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice as to any party.

As I said, in determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  If your recollection of the facts differs from the statements made in opening or closing, you should rely on your recollection.  If a statement was made during an opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

A question put to a witness is not evidence. It is only the answer that is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact to be taken in substitution for your own independent recollection. What I say is not evidence.

Relatedly, do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

In addition, remember that it is the duty of a party to object when the other side offers testimony or other evidence that the party believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any evidence. An objection is not evidence. Nor should you draw any inference from the fact that I sustained or overruled an objection. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

The personalities and the conduct of counsel are not in any way at issue. If, from their conduct at this trial, you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations. The only issue is whether the Government has proven each of the elements of the charged offenses beyond a reasonable doubt.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

Now, I will instruct you on the presumption of innocence and the Government's burden of proof in this case. The defendant has pleaded not guilty. By doing so, he denies the charges in

the Indictment. Thus, the Government has the burden of proving the charges against the defendant beyond a reasonable doubt. The defendant is presumed innocent. A defendant does not have to prove his innocence. This presumption of innocence was in the defendant's favor at the start of the trial, continued in his favor throughout the entire trial, is in his favor even as I instruct you now, and continues in his favor during the course of your deliberations in the jury room.

The Government has the burden of proof in this case. The presumption of innocence is removed as to the defendant if *and only if* you, as members of the jury, are satisfied that the Government has sustained its burden of proving the guilt of the defendant beyond a reasonable doubt.

The question that naturally arises is, "What is a reasonable doubt?" A reasonable doubt is a doubt based on your reason, your judgment, your experience, and your common sense. It is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt founded in reason and arising out of the evidence in the case—or the lack of evidence.

Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proven with mathematical certainty. The Government's burden is to establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would not hesitate to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict. On the other hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the defendant, that you do not have an

abiding belief of the defendant's guilt—in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs—then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

The Government is not required to prove the essential elements of either offense by any particular number of witnesses. The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of the essential elements of the offense you are considering if you believe that the witness has truthfully and accurately related what they have told you.

There are two types of evidence that you may properly use in deciding whether the defendant is guilty or not guilty of the crimes with which he is charged.

One type of evidence is called direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses. The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day outside. Also assume that the courtroom shades were drawn, and you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that

I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.

Many material facts, such as a person's state of mind, are not easily proven by direct evidence. Usually, such facts are established by circumstantial evidence and the reasonable inferences you draw. Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence. The law simply requires that before convicting a defendant, you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

During the trial you may have heard the parties use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The Government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Some of the recordings and text messages presented were in English and some were only in Spanish. With respect to recordings that were in English, the transcripts were only aids—the recordings themselves are the evidence. But with respect to messages that were in Spanish, the English translations provided in writing or through testimony are the evidence. You may not rely on your own interpretation of the Spanish, even if you understand Spanish. The English translation is the evidence of what was written in Spanish.

Some of the exhibits admitted into evidence include redactions of certain information. "Redacted" means that part of the document was taken out. There is nothing unusual or improper about such redactions. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

In this case you have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact or set of facts are true, and you must regard such agreed facts as true. It is for you to determine the effect or weight to give those agreed-upon facts.

If certain testimony or evidence was received for a limited purpose, you must follow the limiting instructions I have given and use the evidence only for the purpose I indicated.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. As I told you at the beginning of this case, you must not conduct any independent research about this case, the matters in this case, and the parties involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, social media platforms, or use any other electronic tools to obtain information about this case or to help you decide the case. You must not visit any location mentioned in this case for the purpose of investigating it. Please do not try to find out information from any source outside the confines of this courtroom.

You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through email, instant messaging, text messaging, through any blog or website, through any internet chat room, or by way of any other social networking platforms, including Facebook, Twitter (or "X"), Instagram, Threads, LinkedIn, Snapchat, and YouTube.

If you become aware that any other juror is violating or has violated this instruction, you should immediately bring it to my attention through my Courtroom Deputy, Mr. Fishman, but please do not make it known to any other jurors.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the

defendant's race, religion, national origin, sex, or age. As I have explained to you, all persons are entitled to the presumption of innocence, and the Government has the burden of proof.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

I also caution you that, under your oath as jurors, you cannot allow to enter into your deliberations any consideration of the punishment that may be imposed upon the defendant if he is convicted. The duty of imposing a sentence in the event of conviction rests exclusively with the court, and the issue of punishment may not affect your deliberations as to whether the Government has proven the defendant's guilt beyond a reasonable doubt.

Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: has the Government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to return a verdict of not guilty. But, on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to return a verdict of guilty.

The defendant, Bruce Garelick, has been formally charged in an Indictment. An indictment is not evidence. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It merely describes the charges made against a defendant. An indictment is a formal method of bringing a case into court for trial and determination by a jury. It creates no presumption that a crime was committed, and no inference of any kind may be drawn from an indictment. You may not consider an indictment as any evidence of the defendant's guilt. The fact that the defendant is the subject of this Indictment and is on trial here may not be used against him in any way whatsoever.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

The Indictment contains five counts. Each count charges a separate offense or crime. You must, therefore, consider each count separately and you must return a separate verdict on each count.

Count One charges the defendant with conspiring to commit securities fraud through insider trading in the securities of Digital World Acquisition Corporation or "DWAC."

Counts Two through Four charge the defendant with securities fraud under Title 15 of the United States Code and Count Five charges the defendant with securities fraud under Title 18 of the United States Code. Specifically, the Indictment alleges that the defendant committed securities fraud by misappropriating inside information from DWAC and Benessere Capital Acquisition Corporation and using that information to purchase DWAC securities himself and to tip Michael Shvartsman and Eric Hannelius so they could use that information to purchase DWAC securities.

The theory of the defense in this case is that when he purchased DWAC securities between September 3 and September 23, 2021, Mr. Garelick believed in good faith that he was not in possession of material nonpublic information and that he was therefore permitted by law to trade DWAC securities. Thus, under the defense's theory, the defendant did not knowingly, willfully, and intentionally engage in securities fraud when he personally traded in DWAC securities.

In addition, Mr. Garelick maintains that he did not disclose any information about DWAC that he knew to be material and nonpublic to any other people. Thus, under the defense's theory, Mr. Garelick did not agree with anyone else to commit securities fraud, nor did he aid or abet any securities fraud by anyone else.

You will note that the Indictment alleges that certain acts occurred on or about various dates or involved specific amounts of securities or money. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date or involved a different amount of securities or money. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence, or the amounts of securities or money alleged in the Indictment and the amounts established by the evidence.

You must return a separate verdict of guilty or not guilty for each count charged. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense. You must analyze and evaluate the evidence separately as to each count.

As I have told you, Count One of the Indictment charges the defendant with the crime of conspiracy. Counts Two through Five charge him with what we call substantive crimes.

The crime of conspiracy is different from a substantive crime. A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish some unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful

agreement. A substantive count, on the other hand, charges a defendant with the actual commission of an offense. A substantive offense therefore can be committed by a single person. It need not involve any agreement with anyone else.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an objective of a conspiracy. Since the essence of the crime of conspiracy is an agreement or an understanding to commit a crime, it does not matter if the crime that was the objective of the conspiracy was ever actually committed. In other words, for a conspiracy charge, there is no need to prove that the crime or crimes that were the objective or objectives of the conspiracy actually were committed. By contrast, conviction on a substantive count requires proof that the crime charged actually was committed, but does not require proof of an agreement. A defendant may be guilty of both conspiracy and the substantive crime, one but not the other, or neither. You therefore must consider each count separately.

Now, for clarity, I'm going to instruct you first with respect to the counts that charge substantive crimes, Counts Two through Five. Then, I will instruct you on the conspiracy count, Count One.

## II.    Counts Two Through Four – Title 15 Securities Fraud

Let us turn first to Counts Two through Four. Counts Two through Four charge the defendant with securities fraud under Title 15 of the United States Code. Counts Two through Four also charge the crimes of aiding and abetting the commission of insider trading. Later, I will instruct you on those crimes.

Count Two concerns the defendant's own trades. Count Two charges the defendant with engaging in insider trading by using material nonpublic information to purchase DWAC securities

himself, in violation of a duty of trust and confidence that the defendant owed DWAC and Benessere.

Counts Three and Four charge the defendant with engaging in insider trading by tipping others with material nonpublic information that the defendant misappropriated from DWAC and Benessere, in anticipation of a personal benefit and with the expectation that those individuals would use that information to trade in securities: Count Three charges the defendant with engaging in this form of insider trading in connection with Michael Shvartsman's purchase of DWAC warrants; and Count Four charges the defendant with engaging in this form of insider trading in connection with Eric Hannelius's purchase of DWAC units and warrants.

In order to find the defendant guilty on a count of Title 15 securities fraud, you must find that the Government has proven each of the following elements for that count beyond a reasonable doubt:

First, that in connection with the purchase or sale of a security, the defendant employed a device, scheme, or artifice to defraud, or engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit;

Second, that when he engaged in this scheme, the defendant acted knowingly, willfully, and with an intent to defraud; and

Third, that in furtherance of the scheme, the defendant knowingly used, or caused to be used, any means or instrument of transportation or communication in interstate commerce, or the use of the mails, or the use of any facility of any national securities exchange.

A few words about the first element: the employment of a scheme, device, or artifice to defraud. A device or artifice to defraud is a plan to accomplish a fraudulent objective. The specific device, scheme, or artifice to defraud, or act, practice, or course of business that the Government

alleges the defendant employed in connection with Counts Two through Four is known as insider trading.

For purposes of these charges, an insider is a person who possesses material nonpublic information about a publicly traded company by virtue of a relationship that involves a duty of trust and confidence. When a person possesses such information and that person also has a duty of trust and confidence to the source of the information, the law forbids him from (1) buying or selling the securities in question on the basis of that information, or (2) disclosing that information to another person in anticipation of a personal benefit and with an expectation that the recipient will either trade in such securities on the basis of that information or cause others to do so.

The Indictment alleges that the defendant owed a duty of trust and confidence to DWAC and Benessere pursuant to the confidentiality agreements he signed with them and to DWAC and its shareholders in his capacity as a director of DWAC, and that he misappropriated and misused material nonpublic information that was protected by the confidentiality agreements or that he received in his capacity as a director at DWAC by using it to place trades for himself and to tip others, with the anticipation of receiving a personal benefit and an expectation that those others would use the information to trade.

Count Two involves the defendant's alleged use of material nonpublic information himself, for his own trades. In order to find that the Government has established the first element of Count Two, you must find that the Government has proven beyond a reasonable doubt:

First, that the defendant had a relationship of trust and confidence with DWAC or Benessere;

Second, that the defendant obtained information from DWAC or Benessere by virtue of his relationship of trust and confidence with that entity, that the entity expected him to keep confidential;

Third, that the information was material;

Fourth, that the information was nonpublic; and

Fifth, that the defendant violated his duty of trust and confidence to DWAC or Benessere by using the material nonpublic information to trade in DWAC securities.

To determine whether the Government has proven the existence of a relationship of trust and confidence, you must look to all of the facts and circumstances and ask whether both the defendant and DWAC or Benessere recognized that their relationship involved trust and confidence. A person will be deemed an "insider" if the Government establishes that he had assumed a relationship affording him access to material confidential information intended to be available only for a corporate purpose and not for his personal benefit. Thus, it is the confidential nature of the relationship that determines whether a person is an insider, and not merely the title he holds. Here, the parties have stipulated that the defendant was a director of DWAC and that, as a director of DWAC, the defendant owed a duty of trust and confidence to DWAC and its shareholders.

I further instruct you, as a matter of law, that an express agreement to keep certain information confidential gives rise to a duty of trust and confidence between the parties to that agreement with respect to the information protected by that agreement. Breaching such an agreement, however, does not constitute a device, scheme, or artifice to defraud if the defendant fully discloses—to whomever the duty is owed—his intent to personally use or disclose the confidential information.

Information is material if a reasonable investor would consider it important in deciding whether to buy, sell, or hold securities. Put differently, information is material if a reasonable investor would have viewed the information as having significantly altered the total mix of information then available. Material information includes any fact which, viewed objectively, might affect the value of the corporation's stock or other securities. Materiality of the information is judged as of the time the information was misappropriated. With respect to speculative information or events, like the possibility of a merger, materiality will depend at any given time upon a balancing of both the indicated probability that the event will occur and the anticipated magnitude of the event in light of the totality of the company activity.

Information is nonpublic if, at the time it is used, it is not available to the public through such sources as press releases, trade publications, analysts' reports, newspapers, magazines, television, radio, websites, rumors, word of mouth, or other similar sources. In evaluating what information a company has treated as confidential, you may consider written company policies, contracts, trainings at the company, measures the company has taken to guard the information's secrecy, how insiders at the company treated the information, the extent to which the information is known outside the company's place of business, the ways in which other employees may access and use the information, and any other relevant facts and circumstances.

However, the fact that information has not appeared in a newspaper or other widely available public medium does not alone determine whether the information is nonpublic. Sometimes a corporation is willing to make information public other than by disseminating it in a newspaper or other publication. Information is not necessarily nonpublic simply because there has been no formal announcement or because only a few people have been made aware of it.

On the other hand, the confirmation by an insider of unconfirmed facts or rumors—even if reported in a newspaper—may itself be inside information. A tip from a corporate insider that is more reliable or specific than public rumors is nonpublic information despite the existence of such rumors in the media or investment community. Whether information is nonpublic is an issue of fact for you to decide.

In considering whether the defendant used the information to trade securities, the Government must prove that the defendant was aware of the material nonpublic information when making the purchase or sale of DWAC securities and the information in some way informed the investment decision. You need determine only that the information was a factor in the decision to trade—it need not have been the only factor.

Counts Three and Four involve the defendant's alleged tipping of material nonpublic information to others. In order to find that the Government has established the first element of Counts Three and Four, you must find that the Government has proven beyond a reasonable doubt as to whichever count you are considering:

First, that the defendant had a relationship of trust and confidence with DWAC or Benessere;

Second, that the defendant obtained information from DWAC or Benessere by virtue of his relationship of trust and confidence with that entity, that the entity expected him to keep confidential;

Third, that the information was material;

Fourth, that the information was nonpublic;

Fifth, that the defendant violated his duty of trust and confidence to DWAC or Benessere by disclosing this information to the tippee each count asks you to consider—that is, Michael Shvartsman or Eric Hannelius;

Sixth, that the Defendant expected that the tippee you are considering would use this information to trade DWAC securities or to cause others to trade DWAC securities and that the tippee did, in fact, use that information to trade DWAC securities; and

Seventh, that the defendant, in providing this information to the tippee in question, anticipated receiving a personal benefit in return.

I have already defined the concepts of a relationship of trust and confidence, material information, nonpublic information, and duty to you in my instructions for Count Two and those definitions apply here as well.

As to the sixth requirement, you must determine whether the Government has proven beyond a reasonable doubt that the defendant expected that the tippee in question would use or cause others to use the information to trade DWAC securities. Direct proof that the defendant expected that the tippee in question would use the information to trade, or cause others to trade, DWAC securities is not required. The defendant's knowledge may be established by circumstantial evidence. Further, it is not necessary for the Government to prove that the defendant knew to a certainty that the tippee would use the information to trade or to cause others to trade the securities of DWAC. It is sufficient for the Government to prove that the defendant expected that the tippee would use the information to his advantage by trading in DWAC securities (or causing others to do so).

The Government must also prove that the tippee did in fact trade DWAC securities on the basis of the inside information provided by the defendant. In this context, you may conclude that

a trade was made "on the basis of inside information" if the tippee was aware of the information when making the purchase or sale and the information in some way informed the tippee's investment decision.

Finally, you must determine whether the defendant anticipated receiving a personal benefit in return for providing material nonpublic information to the tippee. The benefit does not need to be financial or tangible in nature. It could include, for example, a *quid pro quo* exchange of information, maintaining a useful networking contact, or improving the defendant's reputation in a way that would translate into obtaining future financial or business benefits. In addition, a defendant receives a personal benefit when he discloses inside information with an intention to benefit the recipient, such as when he discloses inside information as a gift to a relative or friend. In such circumstances, the tip and trade resemble trading by the insider himself followed by a gift of the profits to the recipient.

However, I must caution you that an insider's disclosure of material nonpublic information, standing alone, does not establish this benefit factor. Even where a person has a duty of trust and confidence, meaning that he was required to keep information confidential, his breach of the duty is not fraudulent unless he discloses the information with the expectation that the tippee would use the information to purchase or sell the securities of DWAC or cause others to do so and with the intention that he receive a personal benefit in return. While you need not be unanimous as to what particular benefit the defendant received or expected to receive as a result of his disclosures to the tippee or tippees, you must all agree that the defendant received or expected to receive a benefit of some kind and that his reason was personal rather than one authorized by DWAC or Benessere.

The Government must establish each of these factors beyond a reasonable doubt for you to determine that the Government has sustained its burden of proof as to the first element on Counts

Two through Four. If, however, the Government has not established that factor beyond a reasonable doubt, then you must find that the Government did not satisfy its burden of proof, and you must return a verdict of not guilty as to the count you are considering.

The second element of the substantive securities fraud charges in Counts Two through Four relates to the defendant's state of mind. If you find that the Government has met its burden of proving that the defendant engaged in the charged insider-trading scheme—that is, the factor I just explained—the Government must then prove beyond a reasonable doubt that the defendant engaged in the scheme knowingly, willfully, and with an intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than by mistake, accident, ignorance, or carelessness. The defendant must have known that he was in possession of information that was material, nonpublic, and subject to a duty of trust and confidence.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with a bad purpose either to disobey or to disregard the law. It is not necessary that the defendant knew that he was violating a particular law. It is enough if he was aware that what he was doing was, in general, unlawful.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive. In order to find that the defendant acted with intent to defraud, you must find that he knew of the fraudulent nature of the scheme and acted with the intent that it succeed.

Whether the defendant acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. Direct proof is not required. Knowledge and criminal intent may, like any other fact, be established by circumstantial evidence.

Because an essential element of the crime charged is intent to defraud, good faith on the part of the defendant is a complete defense to a charge of insider trading. That is, the law is not

violated if the defendant held an honest belief that his actions were proper and not in furtherance of any unlawful scheme. A person who acts on such a belief or opinion honestly held that turns out to be wrong, also lacks an intent to defraud. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. The defendant does not bear the burden of proving his good faith; it remains at all times the Government's burden to prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with intent to defraud.

With respect to Counts Two through Four of the Indictment, the third and final element that the Government must prove beyond a reasonable doubt is that the defendant used or caused to be used some instrumentality of interstate commerce, such as an interstate telephone call or email, use of the mails, or use of a facility of a national securities exchange, such as a securities trade made on the New York Stock Exchange or NASDAQ, in furtherance of the insider trading scheme.

The defendant himself does not have to have made the interstate call, sent the mailing, or made the trade on the stock exchange; anyone can do it as long as it furthers the insider trading scheme. If a defendant knew or could reasonably foresee that the insider trading scheme would result in the use of some instrumentality of interstate commerce, including the use of the telephone, the Internet, or the mail, that is sufficient to show that the defendant caused such use.

As to each of Counts Two through Four, if you find that the Government has proven each element of Title 15 securities fraud beyond a reasonable doubt, then you must find the defendant guilty of that count. On the other hand, if you find that the Government has failed to prove any element of any count beyond a reasonable doubt, then you must find the defendant not guilty of that count.

### III. Count Five – Title 18 Securities Fraud

Count Five charges the defendant with securities fraud under Title 18 of the United States Code. Count Five also charges the crime of aiding and abetting the commission of securities fraud. Later, I will instruct you on that crime.

In Count Five, the defendant is charged with participating from at least in or about June 2021 through in or about November 2021 in a scheme to defraud DWAC or Benessere by converting to his own use material nonpublic information that was the property of DWAC or Benessere to use, in whole or in part, to execute transactions in DWAC securities. It is not necessary for the Government to prove that the scheme lasted throughout the entire period alleged, but only that it existed for some period within that time frame.

In order to find the defendant guilty on Count Five, you must find that the Government has proven each of the following elements for that count beyond a reasonable doubt:

First, that the defendant executed a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations, or promises.

Second, that the defendant participated in the scheme or artifice to defraud knowingly and with an intent to defraud.

Third, that the scheme to defraud or to obtain money or property through fraudulent means was in connection with the purchase or sale of securities.

With respect to the first element, a "scheme" is merely a plan to accomplish an object. A "scheme to defraud" exists where an individual engages in any plan, device, or course of action to accomplish a fraudulent objective. "Fraud" is a general term that embraces all efforts and means that individuals devise to deprive another of money or property by deception. It includes fraudulently embezzling or fraudulently converting for one's own use property entrusted to one's

care by, and belonging to, another. The undisclosed misappropriation of property, in breach of a fiduciary or similar duty of trust and confidence, constitutes fraud.

The scheme to defraud must have money or property as its object. I instruct you that confidential business information can be considered "property" for purposes of Count Five if it had commercial value to DWAC or Benessere. The fact that a company cannot commercially exploit information by trading on it does not mean the information has no commercial value to the company. In determining whether information is confidential business information of a company, you may consider the time and resources the business expended in generating and maintaining the confidentiality of the information including any policies and measures the business has taken to guard the information's secrecy.

The second element that the Government must prove with respect to Count Five is that the defendant participated in the scheme knowingly and with an intent to defraud. I have previously instructed you regarding the meaning of "knowingly" and with "intent to defraud" for purposes of Title 15 securities fraud. You should apply those same instructions here. Again, since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense.

The final element that that the Government must prove with respect to Count Five is that the scheme to defraud was connected to the purchase or sale of securities of a company with a class of securities registered under Section 12 of the Securities Exchange Act of 1934. A scheme to defraud is "in connection with" a security if you find the alleged conduct "touched upon" a securities transaction.

The parties have stipulated that DWAC's securities were those of a company with a class of securities registered under Section 12 of the Securities Exchange Act of 1934.

*      *      *

In addition to charging the defendant with substantive counts of Title 15 securities fraud and Title 18 securities fraud, all of the substantive counts I have instructed you on today also charge the defendant with what is called aiding and abetting. Aiding and abetting is a theory of liability that permits a defendant to be convicted of a specific crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime.

If the Government proves beyond a reasonable doubt that the defendant committed a given substantive count, then you need not consider aiding and abetting with respect to that count. If, however, you find that the Government has not proven beyond a reasonable doubt that the defendant engaged in securities fraud for purposes of a particular substantive count, then you should consider whether the Government has proven beyond a reasonable doubt that the defendant aided and abetted someone else in the commission of securities fraud as alleged in that count.

Under the federal aiding and abetting statute whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. That means a person who aids and abets another to commit a substantive crime is just as guilty of that crime as if he had personally committed it. A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed. To "counsel" means to give advice or recommend. To "induce" means to lead or move by persuasion or influence as to some action or state of mind. To "procure" means to bring about by unscrupulous or indirect means. To "cause" means to bring something about, to effect something.

The first requirement is that another person has committed the crime at issue. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was

committed by the other person.  But if you do find that a crime was committed by another person, then you must consider whether the defendant aided or abetted the commission of the crime.

I emphasize, however, that to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed.  In the aiding and abetting context, participation in a crime is willful if action is taken voluntarily and intentionally.

An aider and abettor must have some interest in the criminal venture and must take some action to assist or encourage the commission of the crime.  The mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.

To determine whether the defendant aided and abetted the commission of the crime with which he is charged, ask yourself these questions:

Did someone other than the defendant commit the crime at issue?

Did the defendant participate in the crime charged as something he wished to bring about?

Did he associate himself with the criminal venture knowingly and willfully?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and is not guilty as an aider and abettor.

## IV.  Count One – Conspiracy to Commit Securities Fraud

Now let us turn back to Count One, the conspiracy charge.  Count One charges the defendant with conspiring to commit Title 15 securities fraud and Title 18 securities fraud.

To meet its burden of proof with respect to Count One, the Government must prove each of the following three elements beyond a reasonable doubt:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to commit at least one of the object crimes charged in the Indictment;

Second, that the defendant intentionally joined and participated in the conspiracy during the applicable time period; and

Third, that at least one of the co-conspirators knowingly committed an overt act in furtherance of the conspiracy.

The first element is the existence of a conspiracy. A conspiracy is an agreement, or an understanding, by two or more persons to accomplish one or more unlawful objectives by working together. To prove that a conspiracy existed, the Government must prove beyond a reasonable doubt that the defendant and one or more co-conspirators explicitly or implicitly agreed to commit at least one of the two alleged unlawful objects.

For the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish one or more of the unlawful objectives alleged, namely (1) to commit Title 15 securities fraud or (2) to commit Title 18 securities fraud. I have already instructed you on the elements of these alleged crimes. You need not find that the conspirators agreed to accomplish both of these objects.

An agreement to accomplish one of these objects is sufficient. However, you must be unanimous as to at least one of the two alleged objectives of the conspiracy. In other words, you all have to be in agreement as to at least one specific object of the conspiracy before you can find the conspiracy charged in the Indictment existed. If the Government fails to prove beyond a reasonable doubt that at least one of the unlawful objectives alleged in Count One was in fact an objective of the conspiracy, or if you cannot unanimously agree as to which of the unlawful objects alleged in the Indictment has been proven beyond a reasonable doubt, then you must find the defendant not guilty as to the conspiracy charge. Moreover, if you conclude that "an agreement" existed but that its purpose, even if unlawful, was not one of the specific unlawful objectives alleged in the Indictment, you must also find the defendant not guilty as to Count One.

You may, of course, find that the existence of an agreement to commit securities fraud has been established by direct proof. However, you may also infer its existence from circumstantial evidence and the conduct of the parties involved. Accordingly, in determining whether there has been an unlawful agreement, you may judge the acts and conduct of the alleged members of the conspiracy that are done to carry out an apparent criminal purpose.

A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts of all members, and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find that the Government has proven beyond a reasonable doubt the first element of Count One—that a conspiracy to commit securities fraud existed—then you must consider the second element of Count One. The second element the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant became a member of the conspiracy knowingly, willfully, and with intent to further its unlawful purpose or objective.

I already defined "knowingly" and "willfully" in charging you on Counts Two through Four. You will apply those same definitions here.

In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its objective?

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them. A defendant's knowledge is a matter of inference from the facts proven. In that connection, I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is

not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy.  Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member, even if he knows that the conspiracy exists.  A person may know, or be friendly with, a criminal, without being a criminal himself.  Mere similarity of conduct or the fact that they may have assembled and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  Moreover, the fact that the acts of a defendant or any other person, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make that person a member.  More is required under the law.  What is necessary for a person to be a member of the conspiracy is that the person must have participated with knowledge of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of that unlawful end.

The Government is not required to prove that the members of the alleged conspiracy were successful in achieving the object or objects of the conspiracy.

The third element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy charged in Count One is that one of the members of the conspiracy knowingly committed at least one overt act in order to further the object of the conspiracy.  The purpose of the overt act requirement is clear.  There must have been something more than mere

agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.

For this element, you need not find that the defendant in this case committed the overt act. It is sufficient for the Government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy. Furthermore, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. An apparently innocent act may shed its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act that, in and of itself, is criminal.

## V.     Venue

With respect to any given count you are considering, the Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Southern District of New York. This requirement is called venue. You must determine the satisfaction of the venue requirement separately for each count.

The Southern District of New York is the judicial district that includes Manhattan, as well as several other counties not relevant here.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that the defendant was ever in the Southern District of New York. It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District. The act itself may not be a criminal act. It could include, for example, processing or executing a securities trade within this District. And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant

committed. Venue is proper if (1) the defendant intentionally or knowingly caused such an act in furtherance of the charged offense to occur in this District, or (2) it was reasonably foreseeable that such an act would occur in this District.

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence. A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District. If you find that the Government has failed to prove this venue requirement with respect to a particular charge, then you must acquit the defendant of that charge.

## VI.   Additional Instructions

I'm now going to briefly discuss evaluating the credibility of witnesses.

You have had the opportunity to observe the witnesses. It is now your job to decide how believable or credible each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. How do you judge the credibility of witnesses? There is no magic formula.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in light of all other testimony and evidence, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. You

should use your common sense, your good judgment, and your everyday experiences in life to make credibility determinations.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which commends itself to your belief or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at trial is truthful in whole or in part.

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony. You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

You have heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be made aware of the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. In fact, it would be unusual for a lawyer to call a witness without such consultation. Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

You have heard the testimony of a law enforcement official. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. In this context, the defendant is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case. It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. I have just discussed the criteria for evaluating credibility; keep in mind that the burden of proof is always on the Government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, it is the Government's burden to prove the defendant guilty beyond a reasonable doubt, and that burden remains on the Government at all times. In this case, the defendant did testify, and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness.

Evidence has been introduced in this case regarding internal compliance policies. These policies are not a substitute for the law. Companies adopt compliance policies for any number of reasons, and they impose different requirements on their employees than the law imposes. My instructions on the law apply to this case and not anything in the compliance policies. The existence or nonexistence of such policies and practices may be relevant to the defendant's state of mind. But the defendant is not charged with violating compliance policies. Even if you were to find that the defendant or any alleged co-conspirator violated a compliance policy, that does not necessarily mean that there was a violation of a law.

Similarly, the defendant is not charged with failing to file required SEC forms. A failure to file SEC forms such as Form 4 and Form 5 may be relevant to the defendant's state of mind. However, a director's failure to file such a form does not constitute insider trading, nor does such a failure alone prove any element of securities fraud.

You have heard the names of several people during the course of the trial who did not appear here to testify and one or more of the attorneys may have referred to their absence. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. However, the Government bears the burden of proof; the defendant does not. Therefore, you should not draw any inferences or reach any conclusions as to what these persons would have testified to had they been called. Their absence should not affect your judgment in any way.

You have heard testimony from a witness regarding his opinion of the defendant's character and reputation. This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty of the charges in this case. That question is for you alone to determine. You should, however, consider this character and reputation evidence together with all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charged offenses.

If after considering all the evidence, including testimony about the defendant's character and reputation, you find that the Government has not established defendant's guilt as to a particular count beyond a reasonable doubt, you must acquit the defendant as to that count.

On the other hand, if after considering all the evidence, including that of a defendant's character and reputation, you find that the Government has established each element of a count beyond a reasonable doubt, you should not acquit the defendant on that count merely because you believe he has a good character or reputation.

You have also heard the testimony of witnesses who testified under grants of immunity from this Court.  What this means is that the testimony of the witnesses may not be used against them in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this Court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this Court and that you may convict the defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with great care.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests.  If, after a careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should give it such weight as you believe it deserves.

It is no concern of yours why a witness received court-ordered immunity.  Your sole concern is whether the witness has given truthful testimony in this trial.  That is a determination entirely for you, the jury.

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

You have heard testimony about evidence obtained after lawful searches of the defendant's phones and electronic accounts such as iCloud and Google accounts, pursuant to a search warrant signed by a judge. This evidence was properly admitted in this case and may be properly considered by you. Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

There is evidence before you in the form of charts and summaries. These exhibits purport to summarize the underlying evidence that was used to prepare them, and were shown to you to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater weight to these charts and summaries than you would give to the evidence on which they are based.

It is for you to decide whether the charts and summaries correctly present the information contained in the exhibits on which they were based. You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

You have heard reference to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means. Although you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did

not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, a defendant's guilt has been proven beyond a reasonable doubt.

Your function now is to weigh the evidence in this case and to determine if the Government has sustained its burden of proof with respect to each count of the Indictment.

You must base your verdict solely on the evidence, and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  Both sides are entitled to a fair trial.  You are to make a fair and impartial decision so that you come to a just verdict.

## VII.    Instructions Regarding Deliberations

You are about to go into the jury room and begin your deliberations.  A list of exhibits that were received into evidence will be provided to you in the jury room.  If you want any of the testimony read back to you, you may also request that.  If you want to see an exhibit or if you want testimony read back to you, please try to be as specific as you possibly can so that we can identify the correct exhibit and because, in the case of testimony, the court reporter will have to look through the transcript, and the parties will have to agree on what portions of testimony may be

called for in response to your request, and if they disagree, I must resolve those disagreements. If you have any questions regarding my instructions to you, you should also send me a note.

Your requests for exhibits or testimony—in fact any communications with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals or the court security officer. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If, during your deliberations, you have any doubt as to any of the testimony, you may—as I just told you—request that the official trial transcript that has been made of these proceedings be read back to you.

You will now retire to decide the case. Your function is to weigh the evidence in this case and to determine whether the Government has proven the guilt of the defendant with respect to each count charged in the Indictment.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and follow my instructions on the law.

When you are deliberating, all twelve jurors must be present in the jury room. A group of fewer than twelve jurors is just an assemblage of persons; it is not a jury. If a juror is absent, you must stop deliberations.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do _not_ report how the vote stands. If you reach a verdict do not report what it is until you are asked in open court.

I have prepared a verdict form for you to use in guiding your deliberation and recording your decision. Please use that form to report your verdict.

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson, and then send out a note indicating whom you have chosen.

The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal or court security officer that the jury has reached a verdict, and you will come into open court and give the verdict.

After you have reached a verdict, your foreperson will fill in and date the form that has been given to you. All jurors must sign the form reflecting each juror's agreement with the verdict. The foreperson should then advise the marshal or court security officer outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

At this time, the first twelve jurors will begin their deliberations in the case. The final two —who are alternates—won't deliberate at this time. Nevertheless, the alternate jurors are not quite excused. While the jury conducts its deliberations, you do not have to be in court, but you should give Mr. Fishman phone numbers where you can be reached, because it is possible that one or both of you could be needed to deliberate if a juror is unable to continue. Mr. Fishman will call you when deliberations are completed so that you will know you are completely finished.

Between now and then, you must continue to observe all the restrictions I have instructed you on throughout the trial. That is, you must not discuss this case with anyone, including your fellow alternate juror, the other jurors, other people involved in the trial, members of your family, friends, co-workers, or anyone else. And until a verdict is reached, as I have already instructed, you may not communicate with anyone about the case in any way. If anyone approaches you and tries to talk to you about the case, please report that to me, through Mr. Fishman, immediately.

Do not listen to or watch or read any news reports concerning this trial if there were to be any; do not do any research on the Internet or otherwise. The reason for this of course is that should you be asked to participate in reaching a verdict in this case, the only information you will

be allowed to consider is what you learned in this courtroom during the trial. Please accept my heartfelt gratitude for your service.

I'm sorry that you will likely miss the experience of deliberating with the jury but the law provides for a jury of twelve persons in this case. So before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start. Without discussing the case, you may also say your goodbyes to your fellow jurors.

*     *     *

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.